Lauren J. Marcus, N.J. Bar No. 030012009
Anastasia Stylianou, N.J. Bar No. 198022017
**LITTLER MENDELSON P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
*Attorneys for Defendant*
*ClearChoice Management Services, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ABIGAIL ROTH,<br><br>          Plaintiff,<br><br>vs.<br><br>CLEARCHOICE MANAGEMENT<br>SERVICES, LLC,<br><br>          Defendant. | Civil Action No.   1:21-cv-20440<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**TO:   THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**

Defendant ClearChoice Management Services, LLC. ("Defendant") by and through its undersigned counsel of record, hereby file this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the New Jersey Superior Court, Law Division, Burlington County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

### STATE COURT ACTION

1.      Plaintiff Abigail Roth commenced this action in the Superior Court of New Jersey, Law Division, Burlington County, by the filing of a Complaint on October 7, 2021, entitled *Abigail Roth v. ClearChoice Management Services, LLC,* bearing Docket No. BUR-L-2158-21 ("the State

Court Action"). The State Court Action is now pending in that court. Attached as **Exhibit A** is a copy of the Summons and Complaint.

2.    Defendant was served with the Summons and Complaint on November 9, 2021. *See* Declaration of Jason Langley ("Langley Decl."), ¶ 2, attached as **Exhibit B**.

3.    The aforementioned documents constitute all "process, pleadings and orders" served upon Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4.    This Notice of Removal is timely filed within 30 days of November 9, 2021, as required by 28 U.S.C. § 1446(b)(3) ("notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable") and 28 U.S.C. § 1446(c)(3)(A) (responses to discovery shall be treated as an "other paper" under 28 U.S.C. § 1446(b)(3)).

5.    This notice of removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

## DIVERSITY JURISDICTION

6.    The United States District Court for the District of New Jersey has diversity jurisdiction in this case based on 28 U.S.C. § 1332.  Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  *Id.* at § 1332 (a)(1).  As explained below, both of these requirements have been met.

### A.    Citizens of Different States

7.    At the time of filing of the Complaint and at the time of removal, Plaintiff purports to be a resident of Pennsylvania.  *See* Exhibit A at ¶ 1.

8.     As a Limited Liability Company, Defendant is deemed to be a citizen of both the state in which its members reside or are incorporated and the state where its members have its principal place of business. 28 U.S.C. § 1332(c).

9.     ClearChoice Management Services, LLC is a Colorado limited liability company wholly owned by ClearChoice Holdings, LLC. ClearChoice Holdings, LLC is a Colorado limited liability company wholly owned by Dental Implant Holdings, LLC. Dental Implant Holdings, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Blocker, LLC. CC Dental Implants Blocker, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Parent, LLC. CC Dental Implants Parent, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Intermediate Holding, LLC. CC Dental Implants Intermediate Holding, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Holding, LLC. CC Dental Implants Holding, LLC is a Delaware limited liability company wholly owned by Colorado Purchaser, Inc. *See* Langley Decl. ¶¶ 3-9.

10.    Colorado Purchaser Inc. is a Delaware corporation. It is a holding company without a "headquarters," but its principal place of business as 281 Sanders Creek Parkway, East Syracuse, NY 13057.  *See* Langley Decl., ¶ 10.

11.    For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

12.    Thus, Defendant is a citizen of Delaware for purposes of 28 U.S.C. § 1332.

13.     Complete diversity exists now and at the time the State Court Action was filed because Plaintiff and Defendant are citizens of different states.

B.     **Amount in Controversy Met**[1]

14.     The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00.  *See* 28 U.S.C. § 1332(a).

15.     The Complaint filed by Plaintiff alleges causes of action for sexual harassment and constructive discharge. *See* Exhibit A.  Plaintiff did not allege a specific of amount of damages in her Complaint.  Although Defendant submits that Plaintiff is not entitled to any recovery, Plaintiff states that her claimed damages are "Compensatory damages including back and/or front pay and any other benefits or perquisites or compensation as applicable, reimbursement of all expenses and financial losses Plaintiff incurred as a result of Defendant's actions and compensation for emotional pain and suffering," "[r]easonable attorney's fees (should she hire one) and costs," "[p]unitive damages," and "[s]uch other relief as this Court shall deem appropriate." *Id.* at WHEREFORE clauses.

16.     According to a reasonable reading of the Complaint and a preponderance of the evidence, the amount in controversy, exceeds the jurisdictional minimum of $75,000.00.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

---

[1] Defendant does not concede that Plaintiff's allegations are true or that her claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole far exceeds the $75,000 jurisdictional requirement.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiffs in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

17.     Plaintiff's position with Defendant ended on October 7, 2019.  *See* Exhibit A, Compl. ¶ 20.  At the time of the termination of her employment, Plaintiff was employed full-time and earned approximately $65,000 per year.  Assuming Plaintiff seeks back pay through a trial date that is likely to be set for a date 18 months from the filing of her Complaint (i.e., April 2023), a reasonable estimate of Plaintiff's alleged economic losses (i.e., back pay, front pay, loss of benefits), should she prevail, exceed the sum or value $75,000.00.  *See Angus*, 989 F.2d at 146.

18.     Plaintiff also seeks compensatory and punitive damages.  "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages."  *See Goralski v. Shared Techs., Inc.,* 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009); *see also Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages and such claims are not patently frivolous and without foundation).

19.     Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00.  *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (aggregating punitive damages and attorney's fees when calculating amount in controversy); *see also Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").

20.     Accordingly, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331 (a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## VENUE

21.     The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiffs' state court action is currently pending.

22.     The Notice of Removal is being filed in the United States District Court for the District of New Jersey within 30 days of the date upon which Defendants were served with the Summons and Complaint, as required by 28 U.S.C. § 1446(b).  Attached as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal to the Clerk of the New Jersey Superior Court, the original of which will be filed with the New Jersey Superior Court Clerk, Law Division, Burlington County as required by 28 U.S.C. § 1446(d).

## NOTICE TO PLAINTIFFS

23.     Upon filing of the Notice of Removal, Defendant also gave written notice thereof to Plaintiff pursuant to 28 U.S.C. § 1446(a).  Attached hereto as **Exhibit D** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff.

24.     By filing the Notice of Removal, Defendant does not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise.  Defendant intends no admission of fact or law by this Notice and expressly reserve all defenses and motions.

25.     If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

26.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## **<u>RELIEF REQUESTED</u>**

27.     Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey.

Dated: December 9, 2021                    Respectfully submitted,

*/s/ Lauren J. Marcus*
Lauren J. Marcus
Anastasia Stylianou
LITTLER MENDELSON P.C.

*Attorneys for Defendant*
*ClearChoice Management Services, LLC*

# EXHIBIT A

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY      NJ 08060
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                DATE:    OCTOBER 13, 2021
                RE:      ROTH ABIGAIL VS CLEAR CHOICE MANAGEMENT SERV
                DOCKET:  BUR L -002158 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:    TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON AIMEE R. BELGARD

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (609) 288-9500.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                ATTENTION:

                        ABIGAIL ROTH
                        1733 WALLACE ST
                        APARTMENT 1F
                        PHILADELPHIA      PA 19130


JUCPAC3

BUR-L-002158-21  10/07/2021  Pg 1 of 4 Trans ID: LCV20212383470

FILED WITH COURT
10/07/2021
BUR-L-2158-21

1. Plaintiff is Abigail Roth, an adult female individual residing at 1733 Wallace St. Apt. 1F, Philadelphia, PA 19130.

2. Defendant is ClearChoice Management Services LLC, a limited liability company with a business address at 1120 Route 73, Suite 100 Mount Laurel, NJ 08054.

3. On February 11, 2019, Defendant hired Plaintiff for a position as a Dental Sales Consultant (also known as a Patient Education Consultant).  A true and correct copy of the job description for the Dental Sales consultant role is attached hereto as Exhibit A.

4. As part of Plaintiff's required job duties, she attended morning staff meetings where employees would gather to review plans.

5. Very quickly into Plaintiff's tenure, these meetings became quite troubling:  a male Prosthodontist, Dr. David Donatelli often physically assaulted Plaintiff in plain sight during the morning meetings in front of all the attendees, rubbing her back and shoulders without consent.

6. These routine and repeated assaults were witnessed by other meeting attendees including, but not limited to, office manager Jessica Luz, various oral surgeons and other Prosthodontists (including but not limited to Dr. Reena Varghese) and even Defendant's Regional Development Manager: Carey Lasher.

7. During the assaults, Plaintiff expressed her discomfort physically by twitching and cringing.

8. These meetings became a source of severe mental anguish and anxiety.

9. Additionally, as part of my job duties and responsibilities, I was required to meet in person with Dr. Donatelli (and Prosthodontists) alone, in office with the door closed, purportedly - and maybe pretextually -"due to HIPAA compliance issues") to discuss potential treatment plans for a patient.  During these meetings alone in his office, Dr. Donatelli routinely stared and gawked at my chest/breasts and seemed to undress me with his eyes.  I did not feel safe or comfortable behind closed doors with him but was still required to meet with him alone behind closed doors.

10. Dr. Donatelli's assaults were widely known among office staff.  In fact, before the beginning of May 2019, Ms. Luz pulled Plaintiff aside and asked if Dr. Donatelli's actions were undesired and whether they made Plaintiff uncomfortable. Plaintiff confirmed with Ms. Luz that Dr. Donatelli's actions were not welcome.

11. After this meeting with Ms. Luz, Ms. Luz told Plaintiff she would address the concern with Dr. Donatelli.  The harassment and assaults continued unabated after this meeting.

12. On May 30, 2019, Plaintiff and several other co-workers including Dr. Donatelli went to the Philadelphia Airport to fly to a home office training in Denver.  When the flight was cancelled, Dr. Donatelli offered Plaintiff a ride home.  Despite multiple attempts to decline his offer, Dr. Donatelli refused to take "no" for an answer.  Plaintiff was terrified during the late night car ride home.

13. The very next working day, Plaintiff told Ms. Luz that she felt uncomfortable in the car ride – and that she did not have the option to decline the ride.

14. Still, nothing changed and no action against Dr. Donatelli was ever taken.

15. Plaintiff escalated these issues to the Regional Development Manager, Carey Lasher (who had witnessed many incidents during meetings and otherwise) during a a sit-down meeting in late July where Ms. Lasher was specifically told that Plaintiff did not feel comfortable alone with him in his office".

16. Ms. Lasher took no action after this meeting; it was clear that Defendant would take no efforts to remediate the hostile work environment or stop the repeat assaults on Plaintiff.

17. Plaintiff suffered anxiety and mental anguish as a result of the repeated assaults and harassment.

18. Defendant had actual knowledge of pervasive sexual harassment; it did nothing.

19. The sexual harassment and assault at Defendant's workplace occurred because Plaintiff was female and was severe and pervasive enough to make a reasonable individual believe that the conditions of employment had been altered and that the environment was hostile and abusive.

20. Plaintiff's employment with Defendant ended on or about October 7, 2019 because of the foregoing. In light of these facts and circumstances, Plaintiff was constructively discharged from her position.

21. Upon information and belief, Defendant knew or should have known that Dr. Donatelli had a pattern or practice of similar behavior.

22. Since her constructive discharge, Defendant has been unable to find comparable work and just recently was able to find employment at a much lower salary.

WHEREFORE, Plaintiff requests that the Court grant judgment in her favor and award her relief including but not limited to the foregoing:

- Compensatory damages including back and/or front pay and any other benefits or perquisites or compensation as applicable, reimbursement of all expenses and financial losses Plaintiff incurred as a result of Defendant's actions and compensation for emotional pain and suffering;
- Reasonable attorney's fees (should she hire one) and costs;
- Punitive Damages,
- Such other relief as this Court shall deem appropriate.

Dated: October 5, 2021

By: _____

Abigail Lee Roth

BUR-L-002158-21  10/07/2021 Pg 3 of 4 Trans ID: LCV20212383470

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated:  October 5, 2021

By: _____
        Abigail Lee Roth

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

Dated:  October 5, 2021

By: _____
    Abigail Lee Roll

BUR-L-002158-21   10/07/2021 Pg 1 of 4 Trans ID: LCV20212383470

FILED WITH COURT
10/07/2021



# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type: ☐ Ck ☐ Cg ☐ CA |
| Chg/Ck Number |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Abigail Roth | (814) 777-4818 | Burlington |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| | |

| Office Address | Document Type |
|---|---|
| 1733 Wallace St. Apt 1F. Philadelphia, PA 19130 | Complaint |
| | Jury Demand   ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Abigail Roth, Plaintiff | Roth v. ClearChoice Management Services |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?   ☐ Yes   ■ No |
|---|---|---|
| 509 | ■ Yes   ☐ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? | If "Yes," list docket numbers |
|---|---|
| ☐ Yes   ■ No | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | Name of defendant's primary insurance company (if known) |
|---|---|
| ☐ Yes   ■ No | ☐ None   ■ Unknown |

### The Information Provided on This Form Cannot be Introduced into Evidence.

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? | If "Yes," is that relationship: |
|---|---|
| ■ Yes   ☐ No | ■ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)   ☐ Familial   ☐ Business |

Does the statute governing this case provide for payment of fees by the losing party?   ■ Yes   ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?   ☐ Yes   ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed?   ☐ Yes   ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature:

BUR-L-002158-21 10/07/2021 Pg 2 of 4 Trans ID: LCV20212383470

**Side 2**



# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | | |
|---|---|---|---|---|
| 151 | Name Change | | 506 | PIP Coverage |
| 175 | Forfeiture | | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex | | 512 | Lemon Law |
| | Commercial or Construction) | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | | |
|---|---|---|---|---|
| 305 | Construction | | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) | | 605 | Personal Injury |
| | or Law Against Discrimination (LAD) | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | | |
|---|---|---|---|---|
| 005 | Civil Rights | | 608 | Toxic Tort |
| 301 | Condemnation | | 609 | Defamation |
| 602 | Assault and Battery | | 616 | Whistleblower / Conscientious Employee Protection Act |
| 604 | Medical Malpractice | | | (CEPA) Cases |
| 606 | Product Liability | | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | | |
|---|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | | 514 | Insurance Fraud |
| 303 | Mt. Laurel | | 620 | False Claims Act |
| 508 | Complex Commercial | | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | | |

### Multicounty Litigation (Track IV)

| | | | | |
|---|---|---|---|---|
| 271 | Accutane/Isotretinoin | | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | | 626 | Abilify |
| 286 | Levaquin | | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | 634 | Allergan Biocell Textured Breast Implants |
| 299 | Olmesartan Medoxomil Medications/Benicar | | | |
| 300 | Talc-Based Body Powders | | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ Putative Class Action ☐ Title 59 ☐ Consumer Fraud

Revised Form Promulgated by 12/23/2020 Notice to the Bar, CN 10517_ps

# EXHIBIT B

Lauren J. Marcus, N.J. Bar No. 030012009
Anastasia Stylianou, N.J. Bar No. 198022017
**LITTLER MENDELSON P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
*Attorneys for Defendant*
*ClearChoice Management Services, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABIGAIL ROTH, <br><br>                Plaintiff, <br><br> vs. <br><br> CLEARCHOICE MANAGEMENT SERVICES, LLC, <br><br>                Defendant. | Civil Action No.   1:21-cv-20440 <br><br><br> **DECLARATION OF JASON LANGLEY IN SUPPORT OF NOTICE OF REMOVAL** <br><br> <u>*Electronically Filed*</u> |

I, Jason Langley, under 28 U.S.C. § 1746, declare that I am over the age of eighteen and that the following statements are true and correct and based upon personal knowledge and documents maintained in the ordinary course of business:

1.      I am the Chief Legal Officer of Defendant ClearChoice Management Services, LLC ("Defendant").  I have been an attorney for Defendant since 2012.  I am a licensed attorney in the State of Colorado.

2.      Defendant was served with the Summons and Complaint in this matter on November 9, 2021.

3.      ClearChoice Management Services, LLC is a Colorado limited liability company wholly owned by ClearChoice Holdings, LLC.

4.      ClearChoice Holdings, LLC is a Colorado limited liability company wholly owned by Dental Implant Holdings, LLC.

5.      Dental Implant Holdings, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Blocker, LLC.

6.      CC Dental Implants Blocker, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Parent, LLC.

7.      CC Dental Implants Parent, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Intermediate Holding, LLC.

8.      CC Dental Implants Intermediate Holding, LLC is a Delaware limited liability company wholly owned by CC Dental Implants Holding, LLC.

9.      CC Dental Implants Holding, LLC is a Delaware limited liability company wholly owned by Colorado Purchaser, Inc.

10.     Colorado Purchaser Inc. is a Delaware corporation.  It is a holding company without a "headquarters," but its principal place of business as 281 Sanders Creek Parkway, East Syracuse, NY 13057.


I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Dated: December 9, 2021

_____
Jason Langley, Esq.

# EXHIBIT C

Lauren J. Marcus, N.J. Bar No. 030012009
Anastasia Stylianou, N.J. Bar No. 198022017
**LITTLER MENDELSON P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
*Attorneys for Defendant*
*ClearChoice Management Services, LLC*

| | |
|---|---|
| ABIGAIL ROTH, <br><br>        Plaintiff, <br><br> vs. <br><br> CLEARCHOICE MANAGEMENT SERVICES, LLC, <br><br>        Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BURLINGTON COUNTY <br><br> Civil Action No. BUR-L-002158-21 <br><br><br> **NOTICE TO STATE COURT OF FILING OF REMOVAL** |

**TO:**   **Clerk, Superior Court of New Jersey**
   **Law Division, Burlington County**
   **49 Rancocas Road**
   **Mount Holly, NJ 08060**

**SIR OR MADAM:**

   **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§1441 and 1446, Defendant ClearChoice Management Services, LLC. ("Defendant") has filed a Notice of Removal of the above-captioned action in the United States District Court for the District of New Jersey.  Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case.  Upon filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice thereof to Plaintiff.

   Pursuant to 28 U.S.C. 1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

Dated:  December 9, 2021

Respectfully submitted,

*/s/ Lauren J. Marcus*

Lauren J. Marcus
Anastasia Stylianou
LITTLER MENDELSON P.C.

*Attorneys for Defendant*
*ClearChoice Management Services, LLC*

4885-4975-8981.1 / 058441-1254

# EXHIBIT D

Lauren J. Marcus, N.J. Bar No. 030012009
Anastasia Stylianou, N.J. Bar No. 198022017
**LITTLER MENDELSON P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
*Attorneys for Defendant*
*ClearChoice Management Services, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIGAIL ROTH,<br><br>            Plaintiff,<br><br>vs.<br><br>CLEARCHOICE MANAGEMENT<br>SERVICES, LLC,<br><br>            Defendant. | Civil Action No. 1:21-cv-20440<br><br>**DEFENDANT'S NOTICE TO ADVERSE<br>PARTY OF REMOVAL**<br><br>*Electronically Filed* |

**TO:**  ***Pro Se* Plaintiff Abigail Roth**
**1722 Wallace Street, Apt. 1F**
**Philadelphia, PA 19130**

**PLEASE TAKE NOTICE** that a Notice of Removal of the above-captioned action from

the Superior Court of New Jersey, Law Division, Burlington County, New Jersey, to the United

States District Court for the District of New Jersey was filed on the 9th day of December 2021, in

the United States District Court for the District of New Jersey.  A copy of the petition is attached

hereto.

Respectfully submitted,

Dated: December 9, 2021

/s/ *Lauren J. Marcus*
Lauren J. Marcus
Anastasia Stylianou
LITTLER MENDELSON P.C.